IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARCUS ONEIL LAQUIENT OWENS                                                         PLAINTIFF

v.                                    Civil No. 4:24-cv-04057-SOH-CDC

MS. MICHELLE WALLER, Kitchen Staff,                                                DEFENDANTS
Miller County Detention Center (MCDC);
MS. KATHLEEN ARNOLD, Kitchen Staff,
MCDC; SHERIFF WAYNE EASLEY,
Miller County, Arkansas; and WARDEN
JEFFIE WALKER, MCDC

## ORDER

Plaintiff has filed two separate Motions for Appointment of Counsel. (ECF Nos. 39 & 41). In his initial Motion, Plaintiff has submitted a short one-page document in which he asserts: he is unable to afford counsel; the issues raised are complex; he has very little access to the law library; he has been unable to retain counsel, and he has limited understanding of the law. Plaintiff offers no factual support for any of these assertions. The Court notes Plaintiff is incarcerated in the Grimes Unit of the Arkansas Division of Correction ("ADC"). Typically, ADC inmates have far greater access to a law library than those inmates detained in county facilities.

In his second Motion, Plaintiff requests the assistance of counsel in preparing for depositions as well as for hearings and trial appearances. Plaintiff has supported this Motion with a brief. (ECF No. 42). First, Plaintiff states his claim is that was denied adequate nutrition while detained in the Miller County Detention Center ("MCDC"). Plaintiff also alleges he was denied emergency medical care related to his diet and nutrition. He maintains he will need expert medical testimony to support his claims. Second, due to his incarceration, Plaintiff argues he is unable to investigate including not being able to identify and interview witnesses. In this same vein, Plaintiff

1

states a considerable amount of discovery will be necessary. Third, Plaintiff asserts his testimony about the events will conflict with that of the defendants. Plaintiff contends an attorney trained in cross-examination would be able to impeach the defendants' testimony. Fourth, Plaintiff argues the legal issues are complex and include dealing with experts, prison officials, medical staff, and potential witnesses including determining which defendants can be held liable for the constitutional violations. Finally, Plaintiff asks the Court to consider that his allegations, if proven, will clearly establish a constitutional violation.

"There is no constitutional or statutory right to appointed counsel in civil cases. [W]hen an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel." *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2005) (citing 28 U.S.C. § 1915(e) (emphasis added)). In determining whether to appoint counsel the Court weighs the following factors: (1) the factual and legal complexity of the case; (2) the indigent plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted). "Additional factors include whether an indigent plaintiff has stated a colorable claim, and whether the court would benefit from assistance of counsel." *Smith v. Walker,* 2025 WL 2170323, *2 (8th Cir. July 31, 2025). "In ruling on a request for appointment of counsel, the district court must exercise 'a reasoned and well-informed discretion' and seriously consider appointing counsel 'whenever an indigent plaintiff establishes in his [or her] pleadings a prima facie case which, if proven, would entitle him [or her] to relief.'" *Brown v. Frey,* 806 F.2d 801, 804 (8th Cir. 1986) (quoting *Sours v. Norris,* 782 F.2d 106, 107 (8th Cir. 1996) (per curiam)).

In Claim One of the Amended Complaint, Plaintiff indicates he is a vegetarian. (ECF No. 6 at 4). Instead of being provided a protein substitute at breakfast, Plaintiff maintains he was

provided with extra carbohydrates. *Id.* For example, on June 5, 2024, Plaintiff states his breakfast consisted of three biscuits, gravy, and oatmeal while other inmates received protein in the form of sausage. *Id.* at 5. Due to the lack of protein, Plaintiff asserted he was feeling weak and exhausted all the time. *Id.*

Claim Two is broader and Plaintiff maintains he was denied the correct nutrients and protein required to maintain a vegetarian diet. (ECF No. 6 at 6). When he attempted to grieve the issue, Plaintiff says all he received were responses from the kitchen staff—the very individuals whose conduct he was complaining about. *Id.*

The case was opened on May 29, 2024. The first date mentioned by Plaintiff in the original Complaint was May 7, 2024. (ECF No. 1). On February 25, 2025, Plaintiff submitted a change of address indicating he was transferred to the ADC. (ECF No. 24).

In connection with a prior Motion for Appointment of Counsel, Plaintiff was directed to provide the Court with information about his education, the type of "mental deficiency" he alleged he had, and whether he was able to handle his own finances and pay his bills. (ECF No. 10). In his response, Plaintiff stated he dropped out of high school in the 10th grade; he has been incarcerated for 60-months; he is anti-social, bi-polar, depressed, suffers from anxiety, suffers memory loss, and lacks the capacity to cope with "typical mental cognitive demand[s]." *Id.* at 1-3. Plaintiff indicates he has been diagnosed with anxiety, depression, and "PTS." *Id.* at 3. This Motion for Appointment of Counsel was taken under advisement pending resolution of a summary judgment motion on the issue of exhaustion. (ECF No. 16). Subsequently, after Plaintiff filed his summary judgment response, the Motion for Appointment of Counsel was denied. (ECF No. 23). Plaintiff was advised that he could again request appointment of counsel at a later stage in the proceedings. *Id.*

Plaintiff successfully opposed the motion and summary judgment was denied. (ECF Nos. 26 & 31). Discovery had been stayed while the issue of whether Plaintiff exhausted his administrative remedies was decided. (ECF No. 14). An Initial Scheduling Order was entered on May 5, 2025. (ECF No. 34). Defendants' summary judgment motion based on the merits of the Plaintiff's claims is due by October 2, 2025. *Id.* at 3.

Plaintiff's claims center on his ability to present evidence that the diet he received was nutritionally inadequate. Given this and considering all other factors including Plaintiff's prior responses to the questions posed to him, the Court concludes that appointment of counsel is appropriate in this case. The Court will locate counsel willing to accept appointment in this case. Plaintiff is advised that this process takes time. However, once counsel has been located an order appointing counsel will be entered. **Until such an order is entered**, **Plaintiff must continue to represent himself which includes engaging in discovery, filing any necessary motions, and responding to any motions filed by the Defendants.**

Plaintiff's Motions for Appointment of Counsel (ECF Nos. 39 & 41) are **GRANTED.**

IT IS SO ORDERED this 22nd day of August 2025.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE

4